ERNST, Appellant, vs. MILWAUKEE WESTERN FUEL COMPANY, Respondent.

*October 7—October 27, 1914.*

*Master and servant: Injury: Unsafe working place: Judgment* non obstante.

In an action for an injury sustained, before the passage of ch. 485, Laws of 1911, by an employee who fell through a hole in the floor of a coal shed which he was engaged in tearing down, the evidence as to what caused the hole, whether it existed before the injury, and if so how long, and whether the employer ought to have known of the defect, being very unsatisfactory, it is *held* that the trial court was not clearly wrong in giving judgment for defendant notwithstanding a verdict finding that defendant's failure to provide a safe working place was the proximate cause of the injury; and the judgment of the circuit court is therefore affirmed.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This action was brought to recover damages for personal injuries. The defendant was engaged in tearing down coal sheds, and the plaintiff was in its employ at the time of the injury, June 19, 1911. The answer admitted the corporate existence of the defendant, its business, and employment of plaintiff, and that plaintiff was injured at about the time alleged by falling timbers, and denied all other material allegations of the complaint.

The jury returned the following verdict:

"(1) Did the defendant provide the plaintiff a reasonably safe place in which to perform his services? *A.* No.

"(2) If you answer the first question 'No,' ought the defendant, in the exercise of ordinary care, to have discovered and remedied the defect before the plaintiff was injured? *A.* Yes.

"(3) If you answer question 1 'No,' was the failure of the defendant to provide the plaintiff a reasonably safe place to work the proximate cause of the injury to him? *A.* Yes.

"(4) If you answer the first question 'No,' ought the plaintiff, in the exercise of ordinary care, to have known of the unsafe condition of the place?   A. No.

"(5) Did any want of ordinary care on the part of the plaintiff proximately contribute to his injury?   A. No.

"(6) What sum will reasonably compensate the plaintiff for the injury he received?   A. $3,000."

The court denied plaintiff's motion for judgment on the verdict and granted the defendant's motion for judgment notwithstanding the verdict, and ordered judgment dismissing the plaintiff's complaint with costs.   Judgment was entered for the defendant accordingly, from which this appeal was taken.

For the appellant there was a brief by *O'Connor, Schmitz, Wild & Gross,* and oral argument by *A. J. Schmitz.*

For the respondent there was a brief by *Doe, Ballhorn & Wilkie,* and oral argument by *J. B. Doe.*

KERWIN, J.   The contention of the appellant is that a safe place was not furnished him in which to work and that the defendant's negligence consisted in such failure.   On the part of the defendant it is insisted that the evidence of the plaintiff (the defendant having offered no evidence) was not sufficient to charge the defendant with negligence.   The evidence shows that plaintiff was familiar with the premises in question, having worked about the shed in various capacities for several years prior to the accident; that he was engaged in the work of tearing down the shed at the time of the injury; that the work was commenced on the roof of the shed; that a section of the roof would be taken down and then plaintiff and others assisting him would go below and get the timbers out of the section, then go to the next section; that when the roof was being torn down boards would be thrown on the floor, and when cross timbers were pulled down uprights would fall upon the floor.   The uprights were 8 x 8 and the cross pieces 6 x 12 and some 12 x 12.

The claim of appellant is that the defendant was negligent

in putting the plaintiff to work on the floor which was rotten and defective, while on the part of the respondent it is contended that the defect, if defect there was, was occasioned by the wrecking and tearing down of the shed, hence the doctrine of safe place did not apply when the injured party as employee assisted in creating the defect, and further that there was a lack of evidence of defect sufficient to charge defendant with knowledge thereof.    It is true the defect may have been created by the wrecking and tearing down of the shed.    The evidence as to what caused the hole and whether it was caused by the rotten condition of the floor, and whether it existed before the injury, and if so, how long, or whether defendant ought to have known of the defect, is very unsatisfactory.

Counsel for appellant invokes the doctrine of *res ipsa loquitur,* but the court is of the opinion that the evidence is not sufficient to bring the case within that rule.    The injury in this case occurred before the passage of ch. 485, Laws of 1911, so the instant case does not fall within the doctrine of *Sparrow v. Menasha P. Co.* 154 Wis. 459, 143 N. W. 317, and similar cases.    In view of the well established doctrine that the ruling of the court below upon questions of fact will not be disturbed unless clearly wrong, the court is of opinion that the judgment below should be affirmed.

*By the Court.*—The judgment is affirmed.